USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASAHI KASEI PHARMA CORPORATION, | Docket No. 19 Civ. 09060 (LGS) (SN) |
| Plaintiff, | |
| vs. | |
| ENDO VENTURES LIMITED, ENDO PHARMACEUTICALS INC., AND AUXILIUM PHARMACEUTICALS, LLC, | **AMENDED AND RESTATED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| Defendants. | |

SARAH NETBURN, United States Magistrate Judge:

WHEREAS, the Parties to the above-captioned action (the "Litigation") previously agreed to certain terms of confidentiality relating to the sharing of documents of information, which were incorporated in a Stipulated Confidentiality Agreement and Protective Order, which was approved by the Court on March 18, 2020, ECF No. 68,

WHEREAS, the Parties have further conferred and seek to amend and restate the Stipulated Confidentiality Agreement and Protective Order,

WHEREAS, the Parties agree to the following terms for the production of documents and information, including the production of certain information that the Parties believe to be confidential and sensitive commercial, financial, or business information, and the Court having found that good cause continues to exist for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that any person subject to this Amended and Restated Protective Order ("Protective Order") – including without limitation the Parties, their representatives, agents, experts, and consultants, all non-Parties providing discovery in these proceedings, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1.     This Protective Order applies to all "Discovery Material," *i.e.,*

information of any kind provided in the course of discovery in the Litigation, including information that has been previously disclosed or produced by a Party ("Producing Party") but excluding information that is (a) obtained lawfully other than through these proceedings or (b) is in the public domain.

2.      Persons subject to this Protective Order shall use Discovery Material received from any other person subject to this Protective Order ("Receiving Party") only in connection with the Litigation, except as otherwise required by law.

3.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order.

4.      Any Producing Party may additionally designate any Confidential Discovery Material as "Attorneys' Eyes Only" under the terms of this Protective Order if such Party in good faith reasonably believes that disclosure of the Discovery Material, other than as permitted pursuant to Paragraph 8 of this Protective Order, may cause significant business harm or hardship to the Producing Party or a non-Party, reveal technical or business advantages of the Producing Party or a non-Party, or is likely to cause competitive injury to the Producing Party. For example, an "Attorneys' Eyes Only" designation would apply to information pertaining to the Parties' pharmaceutical products, such as their pricing, sales, or other financial information, research and development, business plans, sales and marketing strategies, regulatory approvals, comparative product analyses, or proprietary information concerning agreements with non-Parties.

5.      Information designated as Confidential or Attorneys' Eyes Only shall be referred to as "Confidential Discovery Material" herein. A Receiving Party shall not disclose Confidential Discovery Material except as provided herein.

6.      The designation by a Producing Party of Discovery Material or any part thereof as Confidential Discovery Material shall be made in the following manner:

　　　　　a.      In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Attorneys' Eyes Only" in the file or directory name, by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD),

or by identifying the document by bates number (e.g. by slip sheet).

b.   In the case of depositions or other pre-trial testimony, by written notice, sent to all Parties within 10 business days of the delivery of the final transcript of the deposition or other pre-trial testimony; provided, however, that if any Party or counsel makes a statement on the record that Confidential or Attorneys Eyes Only Material has been disclosed, all testimony at the deposition shall be deemed as Confidential or Attorneys' Eyes Only until any such notice is issued following delivery of the transcript. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

c.   In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

7.   No person subject to this Protective Order other than the Producing Party shall disclose documents or information designated as "Confidential" to any person, except:

a.   The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Protective Order;

b.   In-house or outside counsel for the Parties in this Litigation, and their partners, associates, paralegals, secretaries, clerical, regular and temporary employees, who are assisting with the Litigation for use in accordance with this Protective Order;

c.   Any person who is indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

d.   Outside experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants who are assisting with the Litigation, but only to the extent necessary for such persons to perform their role as experts or

3

consultants, provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached hereto; and

e.  The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

f.  Litigation support service vendors and copy services, data entry, and computer support services retained by counsel in connection with these proceedings, provided that any retained vendors or service providers are informed that all information must be kept confidential;

g.  Other persons only by written consent of the Producing Party or, after good cause is shown, upon order of the Court and on such conditions as may be agreed or ordered.

8.  No person subject to this Protective Order other than the Producing Party shall disclose documents or information designated as Attorneys' Eyes Only to any person, except:

a.  Outside counsel for the Parties in this Litigation, and their partners, associates, paralegals, secretaries, clerical, regular and temporary employees, who are assisting with the Litigation for use in accordance with this Protective Order;

b.  Any person who is indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

c.  Outside experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants who are assisting with the Litigation, but only to the extent necessary for such persons to perform their role as experts or consultants, provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached hereto;

d.  The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any

4

appeal therefrom;

    e.    Litigation support service vendors and copy services, data entry, and computer support services retained by counsel in connection with these proceedings, provided that any retained vendors or service providers are informed that all information must be kept confidential;

    f.    Other persons only by written consent of the Producing Party or, after good cause is shown, upon order of the Court and on such conditions as may be agreed or ordered.

9.    Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this Protective Order shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof.

10.    To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Protective Order.

11.    Any compilation, notes, copy, electronic images, or database containing information obtained from Confidential Discovery Material shall be subject to the terms of this Protective Order to the same extent as the Confidential Discovery Material from which such compilation, notes, electronic image, or database is made or derived.

12.    The disclosure of a document or information without designating it as "Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Discovery Material.  If so later designated, the document or information shall thenceforth be treated as Confidential Discovery Material subject to all the terms of this Protective Order.

13.    Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing

Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

14.     Pursuant to Fed. R. Evid. 502(d), the production of privileged or work-product-protected documents or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this Litigation or in any other federal or state proceeding. A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. Failure to assert privilege in the Litigation as to any one document or ESI shall not be deemed to constitute a waiver of the privilege of any other document or ESI allegedly so protected, even involving the same subject matter. In addition, information that contains privileged matter or attorney work product shall be immediately returned or destroyed upon discovery by the Receiving Party of inadvertent production or if notice of inadvertent production is provided by the Producing Party.

15.     Notwithstanding the designation of information as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

16.     This Protective Order shall survive the termination of the litigation. At the conclusion of litigation, Confidential Discovery Material and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.   Further, no Party is obligated to return or destroy attorney work product or attorney-client communications that contain or reflect Confidential Discovery Material.

17.     Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Discovery Material if otherwise required by law or pursuant to a valid subpoena or other compulsory process.

18.     Any Party that may be joined in these proceedings shall not have access to Confidential Discovery Material until such Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Protective Order, in the form attached hereto.

19.     The protections of this Protective Order shall be available to non-Parties that are served with subpoenas in connection with these proceedings or who otherwise produce documents or are noticed for deposition in connection with these proceedings, provided that any such non-Parties seeking to invoke the protections provided by this Protective Order shall follow the procedures set forth herein for Parties, to the extent applicable.  Any Party issuing a subpoena or any similar form of legal process to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections of this Protective Order are available to such non-Party.

20.     The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto that is satisfactory to all Parties, and any violation of the terms of this Protective Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Protective Order had already been entered by the Court. Nothing in this Protective Order shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

21.     This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


SO STIPULATED AND AGREED.


| | |
|---|---|
| */s/Paul Olszowka* | */s/Marissa Alter-Nelson* |
| Dated: August 28, 2020 | Dated: August 28, 2020 |
| Paul Olszowka | Tai-Heng Cheng |
| Brian Lewis (*pro hac vice*) | Martin B. Jackson |
| Marlén Cortez Morris (*pro hac vice*) | Marissa Alter-Nelson |
| BARNES & THORNBURG LLP | SIDLEY AUSTIN LLP |
| 1 North Wacker Drive, Suite 4400 | 787 Seventh Avenue |
| Chicago, IL 60606-2833 | New York, NY 10019 |
| Phone: (312) 357-1313 | Tel: (212) 839-5300 |
| paul.olszowka@btlaw.com | Fax: (212) 839-5599 |
| brian.lewis@btlaw.com | tcheng@sidley.com |
| mcortez@btlaw.com | mjackson@sidley.com |
| | malternelson@sidley.com |

Ethan Craig *(pro hac vice)*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Phone: (317) 231-1313
ethan.craig@btlaw.com

*Attorneys for Asahi Kasei Pharma
Corporation*

*Attorneys for Endo Ventures Limited,
Endo Pharmaceuticals, Inc., and
Auxilium Pharmaceuticals, LLC*

SO ORDERED.

_____
SARAH NETBURN
United States Magistrate Judge

Dated: September 2, 2020
New York, New York